**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-6606**

_____

WILLIAM KINARD, a/k/a William Smith,

        Plaintiff - Appellant,

     v.

CORPORAL KATRINA BRIGMAN; OFFICE DEMETRIS RIVERS; SERGEANT
ELAIN GERMAN; PATROL OFFICER TYLER G. SMITH,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.
Joseph Dawson, III, District Judge.  (4:24-cv-02280-JD)

_____

Submitted:  October 16, 2025                    Decided:  October 21, 2025

_____

Before KING, AGEE, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William Kinard, Appellant Pro Se.  David Allen Anderson, Carmen Vaughn Ganjehsani, RICHARDSON PLOWDEN & ROBINSON, PA, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Kinard appeals the district court's order granting summary judgment to Defendants on Kinard's 42 U.S.C. § 1983 complaint. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that summary judgment be granted and advised that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Kinard received proper notice and filed timely objections to the magistrate judge's recommendation, his objections were not specific to the particularized legal recommendations made by the magistrate judge, so appellate review is foreclosed. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)). Specifically, Kinard did not dispute the magistrate judge's determination that, because his parole revocation had not been invalidated, his § 1983 claims for false arrest and malicious prosecution were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

2

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*